Filed 11/17/23  P. v. Xiong CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

|  |  |
|---|---|
| THE PEOPLE, | C098234 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF22-1494) |
| v. | |
| LUCY XIONG, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Lucy Xiong has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding none, we will affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant and a male companion forced their way in to the 93-year-old victim's apartment. Defendant's companion struck the victim with a firearm, knocking her to the floor, placed the gun barrel in her mouth, and demanded money. Defendant and her companion took the victim's purse containing her bank card, as well as a cell phone and a jar containing $300 in quarters. Defendant used the victim's bank card to withdraw money from an ATM.

Defendant was charged with home invasion robbery (Pen. Code, §§ 211/212.5, subd. (a)),[1] first degree burglary with an allegation that the offense constituted a violent felony (§§ 459, 460, subd. (a), 667.5, subd. (c)(21)), kidnapping (§ 207, subd. (a)), assault with a firearm (§ 245, subd. (a)(2)), battery with serious bodily injury (§ 243, subd. (d)), elder abuse with a special allegation that the victim suffered great bodily injury (§ 368, subd. (b)(1), (2)), conspiracy (§ 182, subd. (a)(1)), identify theft (§ 530.5, subd. (a)), and misdemeanor theft by use of an access card (§ 484g).

Defendant entered into a plea agreement stipulating to a consecutive sentence of the upper term of six years for first degree burglary and one year (one-third the middle term) for elder abuse, for a total aggregate sentence of seven years. Defendant admitted the violent felony allegation. The trial court dismissed the remaining charges and struck the great bodily injury enhancement on the elder abuse count.

The trial court sentenced defendant to seven years in state prison in accordance with the plea agreement.

We granted defendant's request to file a notice of appeal under the constructive filing doctrine and deemed the notice of appeal timely. Defendant requested a certificate of probable cause, which the trial court denied.

---

[1] Undesignated statutory references are to the Penal Code.

2

## DISCUSSION

Defendant's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of her right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

We have undertaken an examination of the entire record and find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


_____/s/_____
EARL, P. J.


We concur:


_____/s/_____
ROBIE, J.


_____/s/_____
BOULWARE EURIE, J.